UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHEREE WELLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1073** |
| **WARDEN ROLAND LADREYT, ET AL.** | **SECTION: "F"(1)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, Sheree Wells, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983.  She named as defendants Warden Roland Ladreyt, Nurse Donna Martin, Assistant Warden Kenny Decorte, Deputy Samantha White, Deputy Sheldon Bailey, and Nurse Dawn Oubre.  In the complaint, plaintiff asserted various claims arising from her former confinement at the Nelson Coleman Correctional Center.[1]

The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Plaintiff thereafter filed a motion for leave to file an amended complaint to attempt to remedy the defects noted in the defendants' motion.[3]  That motion was granted, and the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 12.

motion to dismiss was held in abeyance pending filing of the amended complaint.[4] Plaintiff thereafter filed her amended complaint.[5]

Considering the defendants' motion to dismiss in light of the allegations contained in both the original and amended complaints, the undersigned United States Magistrate Judge then issued a report recommending that the motion be granted and that plaintiff's claims be dismissed without prejudice.[6] On October 6, 2014, the United States District Judge remanded this matter "for clarification as to the reasons why without prejudice dismissal is recommended rather than a dismissal with prejudice."[7] This Supplemental Report and Recommendation addresses that sole issue.[8]

Plaintiff is a prisoner who filed the instant complaint without the assistance of counsel. Where, as here, it is appropriate to dismiss a *pro se* complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "it should generally be done *without* prejudice in order to allow the plaintiff an opportunity to file an amended complaint." Rodriguez v. United States, 66 F.3d 95, 97 (5th Cir. 1995) (emphasis added); see also Good v. Allain, 823 F.2d 64, 67 (5th Cir. 1987). However, it is nevertheless clear that dismissal *with* prejudice is appropriate when it is evident that

---

[4] Rec. Doc. 13.

[5] Rec. Doc. 14.

[6] Rec. Doc. 17.

[7] Rec. Doc. 21.

[8] This Supplemental Report and Recommendation therefore specifically incorporates by reference all of the analysis contained in the original Report and Recommendation and again recommends that the defendants' motion be granted for the reasons previously explained.

2

a plaintiff has already alleged her "best case," thereby rendering any opportunity to amend an exercise in futility.  See, e.g., Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

In the instant case, plaintiff's claims were not patently frivolous, and the undersigned could not definitively conclude that plaintiff had alleged her "best case."  That said, the allegations of her complaint, as amended, were obviously still insufficient under Rule 12(b)(6) because she had not pleaded "enough facts to state a claim to relief that [was] plausible on its face."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted).  The dilemma, therefore, was how best to proceed at that point.

The undersigned could have given plaintiff yet another opportunity to amend the complaint; however, that option appeared unlikely to prove worthwhile in light of the fact that her first attempt to correct the defects of the complaint was wholly inadequate.  On the contrary, it was evident that plaintiff would be unable to allege her "best case" without the assistance of counsel, and she had neither indicated an intention to obtain counsel nor made any showing that an appointment of counsel was warranted.[9]

In light of those considerations, as well as the fact that the defendants were entitled to a ruling on their motion to dismiss, the undersigned concluded that justice would best be served by recommending that the motion be granted but that the claims be dismissed *without* prejudice.  Although that resolution is not a perfect one, it strikes a fair balance:  the defendants would obtain

---

[9] "A district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances."  Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added).  Plaintiff does not argue that this is an exceptional case, and it does not strike the undersigned as such.

3

the dismissal they seek, and yet plaintiff would not necessarily be precluded from filing a new action if she were somehow able to state a proper claim.

## **RECOMMENDATION**

It is therefore again **RECOMMENDED** that the defendants' motion to dismiss, Rec. Doc. 6, be **GRANTED** and that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this twenty-second day of October, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.